No. 59,127

In the Matter of ANNE OLIVER HESS, *Respondent.*

(734 P.2d 1094)

Respondent was engaged in the general practice of law with her husband, Paul Hess, under the firm name of Oliver, Hess & Hess. Paul R. Hess was disbarred by this court on the 6th day of February, 1986 (*In re Hess*, 238 Kan. 636, 713 P.2d 478 [1986]). On August 8, 1983, Ora Gillespie, Bridgett Buchanan, and William E. Gillespie, Jr., went to the Hess law office and met with Paul Hess and respondent. The clients received legal advice on various matters including the preparation of a will for Ora Gillespie which was typed and notarized by respondent. Subsequently, other services were rendered by the Hess law firm, principally by Paul Hess. Financial advice was given to the clients and in 1984 Paul Hess, who was having severe financial problems, suggested to Bridgett Buchanan and her mother that they could earn a high rate of interest by loaning money to the Hesses. Respondent was present during the initial discussion wherein the clients were advised that such a loan would be secured by first mortgages, including that on a 120-acre farm, and oil and gas production. During this period of time, numerous judgments were entered against Paul Hess and respondent. On or about July 9, 1984, Ora Gillespie agreed to loan them

$100,000, which was delivered to Paul Hess on July 10, 1984. Thereafter, Bridgett Buchanan frequently inquired of Paul Hess and respondent about a promissory note and security agreement or mortgages to be received as security for the loan. Respondent advised Mrs. Buchanan that the documents would be signed by herself and her mother, Maxine W. Oliver.

Unable to obtain any satisfaction, Bridgett Buchanan, Ora Gillespie, and William E. Gillespie, Jr., filed suit against respondent, her husband, and her mother, alleging the "defendants made false representations of material fact with the intent of defrauding the plaintiffs, with knowledge such representations were false and fraudulent." That case was eventually settled upon payment by Maxine W. Oliver of $132,500.00.

The panel of the Board concluded:

"It is the unanimous finding of the hearing panel that there is clear and convincing evidence that respondent engaged in dishonesty, deceit and misrepresentation in violation of DR 1-102(A)(4); that respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5); that respondent's conduct adversely reflects on her fitness to practice law in violation of DR 1-102(A)(6)."

The panel then recognized the personal problems which had plagued the respondent and recommended that she be disciplined by public censure.

During this troubled time, respondent and her husband were experiencing severe marital problems as well as financial problems. A corporate business of Paul Hess's was in deep financial difficulty, as were Paul Hess and respondent. Paul Hess and respondent were engaged in a bitter divorce and custody battle culminating in flight by Paul Hess from the country with his three young sons, all in violation of existing court orders. Respondent tracked her husband to the Middle East and eventually recovered custody of her sons through the courts of Egypt. The Court recognizes that respondent has suffered severe emotional and physical distress as a result of her stormy marriage to Paul Hess and that those problems adversely interfered with her practice of law. However, the intentional deceit and misrepresentation perpetrated upon respondent's clients cannot be minimized regardless of respondent's personal problems. The panel's determination that respondent was guilty of dishonesty,

deceit, and misrepresentation in dealing with clients of her law firm are some of the most serious violations of the Code of Professional Responsibility and cannot be justified under any circumstances.

While a minority of the members of this court would accept the recommendations of the panel that respondent be disciplined by public censure, a majority of the court is of the opinion that respondent should be indefinitely suspended from the practice of law in Kansas.

IT IS THEREFORE ORDERED that Anne Oliver Hess be and she is hereby indefinitely suspended from the practice of law in Kansas.

IT IS FURTHER ORDERED that Anne Oliver Hess shall forthwith comply with the provisions of Supreme Court Rule 218 (235 Kan. cxxxii) and that the costs of this action be assessed to the respondent.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports.

Effective this 27th day of March, 1987.

MILLER, J., not participating.

HERD, J., dissenting.